IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JUAN PENA, JR.**     **PLAINTIFF**

vs.     No. 5:21-cv-949

**GREYSTONE PROPERTY**     **DEFENDANT**
**MANAGEMENT CORPORATION**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Juan Pena, Jr. ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Greystone Property Management Corporation ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

6. Plaintiff is an individual and resident of Bexar County.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service is Corporation Service Company, d/b/a/ CSC—Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

9. Defendant, in the ordinary course of its business, maintains a website at https://www.greystonerents.com/communities/.

### IV.     FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant manages apartment complexes throughout Texas, Illinois, Wisconsin, Tennessee, Indiana, Kentucky, North Carolina, South Carolina, Florida and New York.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

17. Specifically, Defendant employed Plaintiff as a Maintenance Worker from September of 2018 until November of 2019.

18. Until July of 2019, Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

19. Beginning in July of 2019 until Plaintiff's employment was terminated in November of 2019, Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

20. Defendant directly hired Plaintiff, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

21. Plaintiff used instrumentalities of interstate commerce such as his cell phone in performing his job duties.

22. Plaintiff's primary duties were to perform maintenance and repairs for tenants, communicate with vendors and schedule painting and carpet replacement.

### A. Hourly Employee

23. As an hourly employee, Plaintiff regularly worked hours over 40 in a week.

24. When Plaintiff was paid hourly, Defendant regularly paid Plaintiff for fewer hours than he actually worked.

25. Upon information and belief, Defendant sometimes moved hours from one week into another week to avoid paying an overtime premium.

26. Upon information and belief, Defendant sometimes told Plaintiff that hours he worked in one week would be paid in a different week or different pay period, but Defendant never actually paid Plaintiff for those hours.

27. Plaintiff had multiple conversations with his manager and the regional manager in which he requested to be paid for all his hours in the appropriate week.

28. Additionally, Plaintiff was regularly on-call to respond to tenant emergency repair requests, and he was not always paid for the time he spent responding to those calls.

29. In addition to his hourly wage, Plaintiff received bonuses based on the percentage of units which were leased each month.

30. These bonuses were nondiscretionary because they were based on objective, measurable criteria, and because Plaintiff expected to receive the bonuses and did in fact receive the bonuses on a regular basis.

31. Subject to the allegations of unpaid hours above, Defendant paid Plaintiff 1.5 times his base hourly rate for the hours he worked over 40 in a workweek.

32. However, Defendant did not include the bonuses paid to Plaintiff in his regular rate when calculating his overtime pay even though Plaintiff received bonuses related to weeks in which he also worked in excess of forty hours.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendant violated the FLSA by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiff, in his regular rate when calculating his overtime pay.

**B.   Salaried Employee**

35. As a salaried employee, Plaintiff regularly worked hours over 40 in a week.

36. Plaintiff's primary duty as a salaried employee was to respond to repair and maintenance requests from tenants. He also oversaw the work of other maintenance employees.

37. Plaintiff did not have the authority to hire or fire any other employee.

38. Plaintiff was not asked to provide input as to which employees should be fired.

39. Plaintiff sat in on interviews for potential new hires, but he was not asked for his recommendation as to whether to hire individuals and his recommendations as to who to hire were not often followed.

40. Plaintiff did not manage Defendant's enterprise or a customarily recognized department or subdivision of Defendant's enterprise.

41. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

42. In carrying out his duties, Plaintiff followed the policies and processes set by Defendant or others.

43. Plaintiff sought input from supervisors in lieu of making significant decisions on his own.

44. Defendant failed to pay Plaintiff an overtime premium for hours worked over 40 each week.

45. Defendant had an electronic time keeping system by which Plaintiff kept track of his regular hours worked.

46. However, as a salaried employee, Plaintiff was instructed not to clock in when he responded to tenant repair and maintenance requests after hours.

47. As a salaried employee Plaintiff continued to receive the nondiscretionary bonuses described above, and these additional forms of compensation should be included in his constructive hourly rate when calculating his overtime pay.

48. Plaintiff was required to buy his own tools. However, when Plaintiff's employment was terminated, Defendant refused to let him take his tools.

49. 29 C.F.R. § 531.35 states that wages must be paid "free and clear" to employees, and further states, "The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

50. Therefore, the cost of the tools was "kicked back" to Defendant and created additional overtime violations.

51. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V. CLAIM FOR RELIEF—VIOLATION OF THE FLSA

52. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. While Defendant paid Plaintiff an hourly wage, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

57. While Defendant paid Plaintiff a salary, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

58. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 per week.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Juan Pena, Jr., respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

      D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

      E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JUAN PENA, JR.**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com