**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUAN PENA, JR., | § | |
| *Plaintiff* | § | |
| | § | SA-21-CV-00949-XR |
| -vs- | § | |
| | § | |
| GREYSTONE PROPERTY | § | |
| MANAGEMENT CORPORATION, | § | |
| *Defendant* | § | |

## ORDER APPROVING SETTLEMENT

On this date, the Court considered the Joint Motion for Approval of Settlement and to Dismiss with Prejudice (ECF No. 23). After careful consideration, the Court hereby **GRANTS** the parties' motion.

## BACKGROUND

Plaintiff Juan Pena, Jr. filed this action against Defendant Greystone Property Management Corporation alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) for failure to pay overtime compensation. ECF No. 1 ¶¶ 1–2. Plaintiff alleges that Defendant paid him an hourly wage and regular, non-discretionary bonuses while employed as a Maintenance Assistant. ECF No. 1 ¶¶ 24, 29–31. Plaintiff alleges that Defendant misclassified Plaintiff as exempt after promotion to the salaried position of Maintenance Supervisor. *Id.* ¶ 57. According to Plaintiff, Defendant failed to pay overtime wages, intentionally miscalculated time entries, and did not include his non-discretionary bonuses as part of his regular rate when calculating his overtime pay. *Id.* ¶¶ 44–47. Defendant denies that it violated the FLSA. ECF No. 7 ¶ 1. After engaging in extensive settlement talks, the parties have settled and now ask the Court to approve the confidential settlement agreement. ECF No. 23.

## ANALYSIS

**A.     FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result of the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

**B.     Bona Fide Dispute**

The pleadings indicate that there is a dispute as to liability and amount, as well as whether Plaintiff is exempt from the overtime provisions. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000).

During Plaintiff's three-year term of employment with Defendant, Plaintiff worked as a Maintenance Assistant and a Maintenance Supervisor. ECF No. 7 ¶ 17. Based on the pleadings, the parties disagree as to whether Plaintiff was exempt from the overtime requirements of the FLSA in his capacity as a Maintenance Supervisor. ECF No. 1 ¶ 19. Plaintiff's duties included performance of maintenance and repair for tenants, communication with vendors, and scheduling painting and carpet replacement. ECF No. 7 ¶ 22. The parties dispute the existence of unpaid hours and the proper method for calculating compensation in light of the alleged non-discretionary bonuses. *Compare* ECF No. 1 ¶¶ 24–27, 32–34 (alleging improper calculation methods and withholding of compensation) *with* ECF No. 7 ¶¶ 24–27, 32–34 (denying allegations made by Plaintiff). Similarly, the parties dispute timekeeping methods, bonus structure, and "kickbacks" in the pleadings as these relate to Plaintiff's time as a salaried employee. *Compare* ECF No. 1 ¶¶ 44, 47–51, *with* ECF No. 7 ¶¶ 44, 47–51. Central to this dispute is the alleged mischaracterization of Plaintiff as exempt from the FLSA overtime

3

requirements during Plaintiff's tenure as a Maintenance Supervisor. ECF No. 7 ¶ 57 (denying allegation that Plaintiff was misclassified as exempt).

The Court concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

**C.      Fair and Reasonable Resolution**

The Court has reviewed the terms of the confidential settlement agreement, including the award of attorneys' fees, and concludes that the settlement is fair and reasonable.

**CONCLUSION**

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Motion (ECF No. 23) is **GRANTED**, the settlement is **APPROVED**, and the claims of Plaintiff Juan Pena, Jr. are hereby **DISMISSED WITH PREJUDICE**. This case is **CLOSED**, with each party bearing its own costs.

It is so **ORDERED**.

**SIGNED** this 6th day of September, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE